**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-20938-GAYLES**

**DENNIS BONILLA GARCIA,**

  **Petitioner**,

**v.**

**PAMELA BONDI, Attorney General of**
**the United States, et al.,**

  **Respondents.**

              /

## **ORDER**

  **THIS CAUSE** comes before the Court on Petitioner Dennis Bonilla Garcia's Verified
Petition for Writ of Habeas Corpus (the "Petition") against Respondents Pamela Bondi, Attorney
General of the United States; Kristi Noem[1], Secretary of the United States Department of
Homeland Security; Warden of the Krome North Service Processing Center; and the Field Office
Director of the Miami Office of Immigration and Customs Enforcement (together,
"Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Krome North Service
Processing Center without being afforded an individualized bond determination. *See generally id*.
Respondents filed a Response in Opposition to the Petition [ECF No. 6]. The Court has considered
the record, the parties' written submissions, and applicable law. For the following reasons, the
Petition is **GRANTED IN PART**.

---

[1] Kristi Noem is no longer Secretary of the Department.

## I.    BACKGROUND

### A.    Petitioner's Immigration History in the United States

In 2012, Petitioner, a Honduran national, entered the United States without inspection and has been residing in the country since then. [ECF No. 1, Petition, ¶¶ 1, 20]. Petitioner has two American children. *Id* ¶¶ 1–2. He has a pending asylum application and employment authorization. *Id.*

On January 9, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner at a traffic stop. *Id.* To date, Petitioner has been detained by ICE at the Krome Service Processing Center. *Id.* ¶ 20. ICE did not set a bond for Petitioner, arguing that he is not eligible for bond because he entered the United States without inspection. *Id.*

Petitioner notes that he is a member of the Bond Eligible Class, as certified by the United States District Court for the Central District of California on November 25, 2025. *See Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025). [ECF No. 1, Petition, ¶¶ 2–7]. And as a member of that class, Petitioner claims that he was not subject to detention under § 1225(b) at the time of his initial custody determination and should have been treated as detained under § 1226(a). *Id.*

### B.    Petitioner's Habeas Petition

On February 12, 2026, Petitioner filed his Petition for Writ of Habeas Corpus. [ECF No. 1]. Petitioner alleges one count for violation of the Immigration and Nationality Act. *Id.* ¶¶ 25–41. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 10. On March 4, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled

to an individualized bond hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 6, at 2–13].

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a).  "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.    ANALYSIS

### A.      Detention

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of

removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at \*2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at* \*3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[2] *Merino,* 2025 WL 2941609, at \*3 (citing cases);

---

[2] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of

*see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2012, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part.

**B.      Exhaustion of Administrative Remedies**

Respondents also argue that the Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies. [ECF No. 6, Resp. in Opp., at 8–9]. Not so. "[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.,* 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under *Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369, at *2; *see also Ardon-Quiroz v. Assistant Field Dir.,* No. 25-CV-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025).

---

noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

IV.     **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     Petitioner Dennis Bonilla Garcia's Verified Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)     Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 2, 2026**, or otherwise release Petitioner.

(3)     This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE